UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                          09-CR-874 (JFB)

KWAME RICHARDSON,

              Defendant.
- - - - - - - - - - - - - - - - X

<u>Jury Charge</u>

Now that the evidence in this case has been presented, and the attorneys for the government and the defendant have concluded their closing arguments, it is my responsibility to instruct you as to the law that governs this case.  My instructions will be in three parts:

<u>First</u>:  I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case;

<u>Second</u>:  I will instruct you as to the legal elements of the crimes charged in the indictment - that is, the specific elements that the government must prove beyond a reasonable doubt to warrant a finding of guilt; and

<u>Third</u>:  I will give you some general rules regarding your deliberations.

1

**PART I:      GENERAL RULES**

    1.  <u>The Duties of the Jury</u>

To begin with - it is your duty to find the facts from all of the evidence in this case.  You are the sole judges of the facts and it is, therefore, for you and you alone to pass upon the weight of the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence or lack of evidence in this case.

With respect to any question concerning the facts, it is your recollection of the evidence that controls.

To the facts as you find them, you must apply the law in accordance with my instructions.  While the lawyers may have commented on some of these legal rules, you must be guided only by what I instruct you about them.  You must follow all the rules as I explain them to you.  You may not follow some and ignore others.

2.  <u>Parties are equal before the court</u>

The fact that this prosecution is brought in the name of the United States Government does not entitle the United States to any greater consideration than the defendant is entitled to.  By the same token, it is entitled to no less consideration.  The parties - the United States Government and the defendant - are equal before this court, and they are entitled to equal consideration.  Neither the government nor the defendant is entitled to any sympathy or favor.

3.   <u>Presumption of Innocence and Burden of Proof</u>

You must remember that the indictment in this case is only an accusation.  It is not evidence.  The defendant has pled not guilty to that indictment.

As a result of the defendant's plea of not guilty the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes the defendant to be innocent of all the charges against him. I therefore instruct you that the defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt.

The defendant begins the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case.  If the government fails to sustain its burden, you must find the defendant not guilty.

4

This presumption was with the defendant when the trial began and remains with him even now as I speak to you and will continue with the defendant into your deliberations unless and until you are convinced that the government has proven his guilt beyond a reasonable doubt.

4.   <u>Proof Beyond a Reasonable Doubt</u>

I have said that the government must prove the defendant guilty beyond a reasonable doubt.  The question naturally is what is a reasonable doubt?  The words almost define themselves.  It is a doubt based upon reason and common sense.  It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.  A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt, it is your duty to acquit the defendant.  On the other hand, if after fair and impartial

6

consideration of all the evidence you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to convict.

5.  <u>The Evidence</u>

A.  I wish to instruct you now as to what is evidence and how you should consider it.

The evidence upon which you are to decide what the facts are comes in several forms:

(1) Sworn testimony of witnesses, both on direct and cross-examination;

(2) Exhibits that have been received in evidence by the court; and

(3) Facts or testimony to which the lawyers have agreed or stipulated.

B.  What is <u>not</u> evidence:

Certain things are not evidence and are to be disregarded by you in deciding what the facts are:

(1) The contents of the indictment are not evidence;

(2) Arguments or statements by lawyers are not evidence;

(3) Questions put to the witnesses are not evidence;

(4) Objections to the questions or to offered exhibits are not evidence.

In this regard, attorneys have a duty to their clients to object when they believe evidence should not be received.  You should not be influenced by the objection or by the court's ruling on it.  If the objection was sustained, ignore the question.  If the objection was overruled, treat the answer like

8

any other answer.  If I told you to disregard certain testimony or sustained a lawyer's request to disregard or strike certain testimony, you are to disregard the testimony.

(5) What I say in these instructions is not evidence.

(6) If evidence has been received for a limited purpose, you must consider that evidence for that limited purpose only.

(7) Obviously, anything you may have seen or heard outside the courtroom is not evidence.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, ethnic background, sex, or age. All persons are entitled to the presumption of innocence and the government has the same burden of proof regardless of who the defendant is.

In addition, it would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

C.  <u>Direct and circumstantial evidence</u>

I told you that evidence comes in various forms such as the

sworn testimony of witnesses, exhibits, and stipulations.

There are, in addition, different kinds of evidence - direct and circumstantial.

(1) Direct evidence is the communication of a fact by a witness who testifies to the knowledge of that fact as having been obtained through one of the five senses.  So, for example, a witness who testifies to knowledge of a fact because he saw it, heard it, smelled it, tasted it, or touched it is giving evidence which is direct.  What remains is your responsibility to pass upon the credibility of that witness.

(2) Circumstantial evidence is evidence which tends to prove a fact in issue by proof of other facts from which the fact in issue may be inferred.

The word "infer" - or the expression "to draw an inference" - means to find that a fact exists from proof of another fact. For example, if a fact in issue is whether it is raining at the moment, neither of us can testify directly to that fact sitting as we are in this windowless courtroom.  Assume, however, that as we are sitting here, a person walks into the courtroom wearing a raincoat that is soaking wet and carrying an umbrella dripping water.  We may infer that it is raining outside.  In other words, the fact of rain is an inference that could be drawn from the wet raincoat and the dripping umbrella.  An inference is to be drawn only if it is logical and reasonable to do so.  In deciding

10

whether to draw an inference, you must look at and consider all the facts in the light of reason, common sense, and experience. Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide.  Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

I remind you once again that you may not convict the defendant unless you are satisfied of his guilt beyond a reasonable doubt, whether based on direct evidence, circumstantial evidence, or the logical inferences to be drawn from such evidence.  Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more.  You are to consider all the evidence in the case, direct and circumstantial, in determining what the facts are and in arriving at your verdict.

D.  <u>Number of Witnesses and Uncontradicted Testimony</u>

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses.  By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible.  You also have to decide which witnesses to believe and which facts are true.  To do this you must look at all the evidence, drawing upon

11

your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

6.   <u>Rulings by the Court</u>

My next instruction relates to the rulings and statements that I made during the course of this trial.  I hereby instruct you that nothing that I said during the course of the trial, no question that I have asked, no ruling that I have made, and no statement that I may make in this charge, should be interpreted in any way whatsoever as a suggestion of what decision I believe you should make.  You should understand that I have no opinion as to the decision you should make in this case.

You will remember that at various times throughout the trial, I have been called upon to make rulings on various questions of law.  I have sustained objections and I have overruled objections.  Please do not concern yourself with my reasons for making the rulings that I made.  These are purely legal matters and must not affect your deliberation on the factual matters in this case.  Nor are you to draw any inferences for or against a party because that party raised objections during the course of the case.  It is the duty of the attorneys on each side of the case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  You should not hold it against an attorney – or the defendant  – either because the attorney has made objections, or because some of those objections may have been overruled by me.

When the Court has sustained an objection to a piece of evidence or a question addressed to a witness, you must disregard it entirely and may draw no inference from it or speculate as to what the witness would have said if he or she had been permitted to answer the question. Similarly, if after a question was asked and an answer given, the answer was ordered stricken from the record, you must disregard both the answer and the question.

You are further instructed that with respect to every situation where testimony has been stricken, the reason for that ruling relates to a matter of law which is no concern of yours and not for your consideration. Once stricken, such testimony must be disregarded and ignored. The reasons for my striking such testimony should not be discussed among you, nor should you speculate or guess about the basis for my ruling. By the same token, where I allowed testimony or exhibits to be received into evidence over the objection of counsel, this was not an indication that I have any opinion as to the weight or effect of such evidence. That is for you to decide.

In reaching your verdict, you also are not to concern yourselves in any way with the conferences which sometimes took place at the side bar between the Court and counsel for the parties, nor are you to draw any inferences for or against any party because that party may have requested such a conference. You also must not draw any conclusion whatsoever from the fact

14

that from time to time I may have asked questions of witnesses. This was solely to elicit facts which may or may not be material to your determination.

Remember that, in making your determination as to the facts, you should rely upon your own recollection of the evidence.  What I said from time-to-time during the course of the trial, or what I say in the charge that I am now giving you, should not be taken in place of your own recollection of the evidence in this case.

7.   <u>Witness Credibility – General Instruction</u>

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the very different pictures painted by the government and the defense which cannot be reconciled.  You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in his or her testimony or did he or she contradict himself or

16

herself? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness's bias.  Does the witness have a relationship with the government or the defendant which may affect how he or she testified?  Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness—consciously or not—to give you something other than a completely accurate account of the facts he or she testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness's ability to express himself or herself.  Ask yourselves whether the witness's recollection of the facts stands up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.  In deciding the question of

credibility, remember that you should use your common sense, your good judgment, and your experience.

8.    <u>Interest in Outcome</u>

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case.  Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

9.   <u>Credibility – Prior Inconsistent Statements</u>

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony.  Evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with this trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight is to be given to the inconsistent statement in determining whether to believe all, or part, or none, of the witness's testimony.

20

10.  <u>Law Enforcement Witnesses</u>

You have heard testimony of witnesses who work for law enforcement.  The fact that a witness may work for law enforcement does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

11.   <u>Accomplice Called by the Government</u>

You have heard a witness who testified that she was actually involved in planning and carrying out the crimes charged in the indictment.  There has been a great deal said about this so-called accomplice witness in the summations of counsel and whether or not you should believe her.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them.  It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of accomplice testimony.  Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

You should ask yourselves whether the so-called accomplice would benefit more by lying, or by telling the truth.  Was her testimony made up in any way because she believed or hoped that she would somehow receive favorable treatment by testifying falsely? Or did she believe that her interest would be best served by

22

testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause her to tell the truth?  Did this motivation color her testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witness.

12. <u>Witness Testifying Pursuant to Cooperation Agreement</u>

In this case, there has been testimony from a government witness who pled guilty after entering into an agreement with the government to testify. The government has promised to bring the witness's cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and even convict the defendant on the basis of such testimony, if it convinces you of the defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the government, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

13.   <u>Government Witness – Not Proper to Consider Guilty Plea</u>

You have heard testimony from a government witness who pled guilty to charges arising out of the same facts as this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that the prosecution witness pled guilty to similar charges.  The witness's decision to plead guilty was a personal decision based upon the circumstances and evidence in her own case.  It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

14.  <u>Defendant's Testimony</u>

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.  In this case, the defendant did testify and he was subject to cross-examination like any other witness. You should examine and evaluate the testimony just as you would the testimony of any other witness.

26

15. <u>Particular Investigative Techniques Not Required</u>

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the government.  There is no legal requirement, however, that the government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved by the government beyond a reasonable doubt.

16.   <u>Dates Approximate</u>

In alleging dates, the indictment frequently charges "on or about," and "between" certain dates.  The proof need not establish with certainty the exact date of an alleged offense.  The law only requires the evidence establish beyond a reasonable doubt that the dates alleged in the indictment and the dates established by the testimony or exhibits are substantially similar.

17.   <u>Other Persons Not on Trial</u>

You have heard evidence about the involvement of certain other people in the transactions referred to in the indictment.  That these individuals are not on trial before you is not your concern. You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case.

18.   <u>Stipulations</u>

The attorneys for the United States and the attorney for the defendant have entered into stipulations concerning certain facts and testimony that are relevant to this case.

A stipulation of fact is simply an agreement among the parties that a certain fact is true.  You should regard such agreed facts as true.  However, what weight to give those facts is entirely up to you.  You are the sole judges of the facts and you decide what weight to give those facts.

A stipulation of testimony is an agreement among the parties that, if called, a witness would give certain testimony.  You must accept as true the fact that the witness would have given that testimony in court.  However, it is for you to determine the effect and weight to be given to that testimony.

19.  <u>Audio Tapes</u>

You have heard evidence in the form of tape recordings which were obtained without the knowledge of some of the parties to the conversations.  The tape recordings were lawfully obtained.  The use of this procedure to gather evidence is perfectly lawful and the government has the right to use such evidence in this case.

20.   <u>Transcripts of Tape Recordings</u>

The government has been permitted to offer into evidence typed documents which it prepared containing the government's interpretation of what appears on the tape recordings which have been received as evidence.  Those were given to you as an aid or guide to assist you in listening to the tapes.  However, when the tapes were played, I advised you to listen very carefully to the tapes themselves.  You alone should make your own interpretation of what appears on the tapes based upon what you heard.  If you think you heard something differently than appeared on the transcript then what you heard is controlling.  Let me say again, you, the jury, are the sole judges of the facts.

32

21.   <u>Lawful Border Search</u>

You have heard testimony that an individual was stopped at John F. Kennedy International Airport upon her arrival from another country, and she was questioned and searched.

Because the United States has the right to protect its borders and to control the entry of persons or things across its borders, these actions of the United States authorities in relation to that individual were lawful.

Law enforcement policies and procedures are not your concern. You should focus your attention on the real issue in this trial; namely whether the government has proved beyond a reasonable doubt that the defendant committed the crimes charged in the indictment.

33

22.  <u>Expert Testimony</u>

You have heard, during the course of this trial, evidence containing opinions by individuals referred to as an experts in their fields.  If scientific, technical, or other specialized knowledge will assist the jury to understand the evidence or to decide a disputed fact, a witness with particular knowledge, skill, experience, training or education, may be called to testify about such evidence or facts in issue in the form of an opinion.

The rules of evidence ordinarily do not permit witnesses to testify to opinions or conclusions.  An exception to this rule exists for those we call "expert" witnesses who may state their opinions and who may also state the reasons for their opinion.

You should consider the witnesses' opinions received in this case and give it such weight as you may think it deserves.

In sum, the expert witness is in all other respects the same as any other witness.

23.   <u>Statements of a Defendant to Law Enforcement</u>

There has been evidence that the defendant made certain statements to law enforcement in which the government claims he admitted certain facts in the indictment.

In deciding what weight to give the defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made.  I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

# PART II:   LEGAL ELEMENTS OF CHARGED CRIMES

I will now turn to the second part of this charge - and I will, as I indicated at the outset, instruct you as to the legal elements of the crimes charged in the indictment.  That is to say, I will now instruct you as to the specific elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to warrant a finding of guilt.

Summary of Indictment

In order to place my instructions in context, I will start by giving you a summary of the crimes charged.  They are stated in the indictment.  The indictment is not evidence; it is simply the instrument by which the charges are brought.  It is an accusation.  It may not be considered by you as any evidence of the guilt of the defendant.

After summarizing the charges, I will instruct you in detail as to the law for you to apply to each charge in the indictment. And finally, I will tell you some further rules with respect to your deliberations.

First, the summary of the indictment.  The indictment contains four counts, or separate charges or offenses.  They are numbered Counts One through Four.  You must consider each count separately and return a verdict based only upon the evidence as it relates to that specific count.  Whether you find the defendant not guilty or

guilty as to one offense should not affect your verdict as to any other offense charged.

Count One, in sum, charges that defendant Kwame Richardson conspired with others to import cocaine into the United States.

Count Two, in sum, charges that defendant Kwame Richardson imported cocaine into the United States.

Count Three, in sum, charges that defendant Kwame Richardson conspired with others to possess cocaine with intent to distribute the cocaine.

Count Four, in sum, charges that defendant Kwame Richardson attempted to possess cocaine with intent to distribute cocaine.

I have summarized the counts in the indictment simply to give you an overview of the charges.

Knowledge and Intent

Because the indictment charges four separate counts, and because all of the charges implicate the concepts of knowledge and intent, it is useful to tell you up front about those concepts before addressing the charges specifically.

Acting "Knowingly" and "Intentionally" and "Willfully"

Knowingly:  "Knowingly" means intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether the defendant acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the case.

Intentionally:   A person acts "intentionally" when he acts deliberately and purposefully.  That is, the defendant's acts must have been the product of his conscious objective decision rather than the product of a mistake or accident.

Willfully: To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with a bad purpose either to disobey or to disregard the law.

I will now explain to you the law that applies to each of the counts in the indictment.

38

## COUNT ONE: CONSPIRACY TO IMPORT COCAINE

Count One of the indictment charges the defendant with having conspired to import a controlled substance in violation of 21 U.S.C. § 963.  Count One of the indictment reads as follows:

> On or about and between December 1, 2009 and December 4, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KWAME RICHARDSON, together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved 500 grams or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 952(a).

There are two relevant statutes on this subject: 21 U.S.C. §§ 952(a) and 960, which criminalize importation of a controlled substance, and 21 U.S.C. § 963, which criminalizes the attempt or conspiracy to commit such an offense.

21 U.S.C. § 952(a) provides, in pertinent part, that "[i]t shall be unlawful . . . to import into the United States from any place outside thereof . . . any controlled substance in schedule I or II of subchapter I of this chapter." 21 U.S.C. § 960 provides, in pertinent part, "[a]ny person who . . . contrary to section 952 . . . of this title, knowingly or intentionally imports . . . a controlled substance [commits a crime]." 21 U.S.C. § 963 provides, in pertinent part, that "[a]ny person who . . . conspires to commit

any offense defined in this subchapter [commits a crime]." I hereby instruct you that cocaine is a Schedule II controlled substance under federal law.

To find the defendant guilty of Count One, you must find beyond a reasonable doubt that the defendant conspired to import a controlled substance into the United States from a place outside thereof. You need not find that he knew or believed that it was cocaine, as long as the government proves that he knew and intended that some controlled substance would be imported.

In considering the conspiracy charge, you should be aware that a conspiracy to commit a crime is an entirely separate and different offense from the underlying crime the conspirators intended to commit. At the heart of the crime of conspiracy is an agreement or understanding by two or more persons to violate other laws. Thus, if a conspiracy exists, even if it should fail to achieve its purpose, it is still punishable as a crime. For the defendant to be guilty of conspiracy, there is no need for the government to prove that the defendant or any other conspirator actually succeeded in his or her criminal goals.

40

In order to prove the crime of conspiracy charged here, the government must establish the following elements of the crime beyond a reasonable doubt:

> <u>First</u>, that two or more persons entered into an agreement to import cocaine into the United States from a place outside thereof; and
>
> <u>Second</u>, that the defendant knowingly and intentionally became a member of the conspiracy.

Let me discuss these in more detail with you.

<u>First</u>, the government must prove beyond a reasonable doubt that two or more persons entered into an unlawful agreement to import cocaine into the United States from a place outside thereof. In other words, one cannot commit the crime of conspiracy by oneself.  Rather, the proof must convince you that at least two persons had joined together in a common criminal scheme.

Now, the government need not prove that members of the conspiracy met together or entered into any express or formal agreement.  You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or the means by which it was to be accomplished.  It is sufficient to show that the conspirators tacitly came to a mutual understanding to accomplish an unlawful act by means of a joint plan or common design.

41

You may, of course, find that the existence of an agreement between two or more persons to engage in criminal conduct has been established by direct proof.  But since a conspiracy is, by its very nature, characterized by secrecy, direct proof may not be available.  You may, therefore, infer the existence of a conspiracy from the circumstances of this case and the conduct of the parties involved.  In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.  You may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed to act together for the unlawful purpose stated in the indictment.

Second, the government must prove beyond a reasonable doubt that the defendant knowingly and intentionally became a member in the charged conspiracy.  A person acts knowingly and intentionally if he acts voluntarily, and not because of ignorance, mistake, accident, or carelessness.  Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

But in the context of the conspiracy charges that you must consider, I do want to stress that merely being present at a place where criminal conduct is underway does not make a person a member of a conspiracy to commit that crime.  This is true even if the person knows that a crime is being committed.  Nor does a

defendant's mere association with one or more members of the conspiracy automatically make that defendant a member. A person may know, or be friendly with, or offer hospitality to a criminal without being a criminal himself. Similarly, the fact that a person, without any knowledge that a crime is being committed, merely happens to act in a way that furthers the purposes or objectives of the conspiracy does not make that person a member.

More is required under the law. What is required is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends. In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking.

In that regard, it has been said that for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. However, I instruct you that proof of a financial interest in the outcome of a scheme is not essential. But if you find that a defendant did have a financial interest, then you may properly consider that factor in determining whether that defendant was a member of the conspiracy.

Now, the extent of the defendant's participation in a conspiracy has no bearing on the issue of guilt. Each member of a

conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators may play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw the defendant within the scope of the conspiracy.  The defendant need not have known the identities of each and every other member of the scheme.  He need not have been fully informed as to all of the details or the scope of the conspiracy.  He need not have been a member of the conspiracy during the entire time of the existence of the conspiracy, and not even have been a member for any particular length of time during its existence.  The key inquiry is simply whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement and with the intent to help it succeed.

In sum, the defendant must have had an understanding of the unlawful character of the conspiracy and must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking.  By doing so, the defendant became a knowing and willing participant in the unlawful agreement - that is to say, a conspirator.  In this regard, it should be noted that frequently an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.

Count One of the indictment alleges a conspiracy to commit unlawful acts concerning narcotics. I remind you that the government need not prove that the defendant actually committed the unlawful act charged as the object of the conspiracy. Rather, what the government must prove is that the purpose of the conspiracy was to commit the unlawful act. In this case, the government has alleged a conspiracy to import cocaine into the United States from a place outside thereof. I will now explain what it means to import cocaine into the United States from a place outside thereof, which was the object of the conspiracy charged in Count One of the Indictment.

Elements of the Offense of the Object of the Conspiracy

The indictment alleges that the object of the conspiracy, as I instructed you, was to import a controlled substance into the United States, specifically cocaine. As I stated earlier, 21 U.S.C. §§ 952 and 960 make it a federal crime for any unauthorized person to import into the United States from any place outside thereof any controlled substance.

I will now instruct you on the elements of that offense.

In order to prove this charge against the defendant, the government must establish beyond a reasonable doubt each of the following elements of the offense:

45

First, that the defendant intentionally imported a controlled substance into the United States from some place outside the United States as charged in the indictment;

Second, that the defendant knew that the substance being imported was a controlled substance; and

Third, that the defendant knew he was importing the controlled substance into the United States.

I will now explain each element in greater detail.

## 1. First Element - Importation of a Controlled Substance Into the United States

The first element the government must prove beyond a reasonable doubt is that the defendant imported a controlled substance into the United States from some place outside the United States as charged in the indictment. The term "import," as used in these instructions, means to bring or transport or to play a part in bringing or transporting something into the United States from some place outside the United States.

To establish this element, the government must prove two things. First, the government must prove beyond a reasonable doubt that the controlled substance was brought into the United States from some place outside the United States. In addition, the government must prove beyond a reasonable doubt that the material that the defendant is charged with bringing into the United States is, in fact, cocaine.

46

## 2.  Second Element - Knowledge That the Drugs Were a Controlled Substance

Second, the government must prove beyond a reasonable doubt that the defendant knew that the substance being imported was a controlled substance.

To establish this element, the government must prove that the defendant knew that it was a controlled substance he was bringing into the United States, and that this was not due to carelessness, negligence or mistake.  If you find that the defendant did not know that he had a controlled substance in his possession, or that he did not know that what he possessed was, in fact, a controlled substance, then you must find the defendant not guilty.

Although the government must prove that the defendant knew he was importing a controlled substance, the government does not have to prove that the defendant knew the exact nature of the drugs involved.  It is enough that the government proves that the defendant knew that it was some kind of controlled substance.

## 3.  Third Element - Knowledge that Drugs Were Entering the United States

Third, the government must prove beyond a reasonable doubt that the defendant knew he was importing the controlled substance into the United States.  To establish this element the government must prove that the defendant knew that the controlled substance

47

would enter the United States from outside the United States and
that this did not occur by accident or mistake.

## COUNT TWO: IMPORTATION OF COCAINE

Count Two of the indictment charges the defendant with knowingly and intentionally importing a controlled substance into the United States from a place outside thereof.  Count Two of the indictment reads as follows:

> On or about December 3, 2009, within the Eastern District of New York and elsewhere, the defendant KWAME RICHARDSON, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved 500 grams or more of a substance containing cocaine, a Schedule II controlled substance.

I have already instructed you on the elements of importation of a controlled substance with respect to Count One and those elements apply to this count as well.  Specifically, in order to prove this charge against the defendant, the government must establish beyond a reasonable doubt each of the following elements of the offense:

First, that the defendant intentionally imported a controlled substance into the United States from some place outside the United States as charged in the indictment;

Second, that the defendant knew that the substance being imported was a controlled substance; and

Third, that the defendant knew he was importing the controlled substance into the United States.

49

I provided you with more detailed instructions on these elements a moment ago in connection with Count One. Those instructions also apply here to Count Two, although I will not repeat them for the sake of brevity.

Aiding and Abetting

The government can meet its burden of proof on this count either by proving that the defendant did the acts charged himself or by proving that he aided and abetted another person in doing so. The relevant aiding and abetting statute is Section 2(a) of Title 18 of the United States Code.

Section 2(a) of Title 18 provides that:

Whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal.

Accordingly, even if the defendant did not personally do every act constituting an offense, you may find that he committed that offense if the government proves beyond a reasonable doubt that he aided and abetted the offense.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he personally committed it. The essence of aiding and abetting is the intentional and knowing participation in the unlawful act by furthering it in some way.

To find that the defendant is an aider or abettor, you must find beyond a reasonable doubt that the government has

50

proven that another person actually committed the crime with which the defendant is charged and that the defendant aided and abetted that person in the commission of the offense.

In order to aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate himself in some way with the criminal venture, that he participate in it out of desire to make the crime succeed. That is, a defendant must have the specific intent of furthering the criminal offense through some action on his part. I previously instructed you on the definitions of willfully and knowingly and you should apply those instructions here.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge that a crime is being committed, or the mere acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abetter must have some interest in the criminal venture. That interest need not be a financial one, but you may consider the presence or absence of a financial interest in making your determination.

In other words, if one, fully aware of what he is doing, plays a significant role in facilitating a transaction prohibited by law, he is equally guilty with the person who

51

directly performs the illegal acts, even though the latter played a much greater or major part in the preparation of the crime.

To determine whether the defendant aided and abetted the commission of the crime charged, ask yourselves these questions:

<u>First</u>:  Did he participate in the crime charged as something he wished to bring about?

<u>Second</u>: Did he associate himself with the criminal venture knowingly and willfully?

<u>Third</u>: Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor and is therefore guilty of the crime charged just as if he himself had actually committed it.  If, on the other hand, your answers to any of these questions is "no," then the defendant is not an aider and abettor under 18 U.S.C. § 2(a), and you must find him not guilty of the crime under consideration as an aider and abettor under Section 2(a).

## COUNT THREE: CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE

Count Three of the indictment charges the defendant with having conspired to possess with intent to distribute a controlled substance. Count Three of the indictment reads as follows:

> On or about and between December 1, 2009 and December 4, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KWAME RICHARDSON, together with others, did knowingly and intentionally conspire to possess with intent to distribute a controlled substance, which offense involved 500 grams or more of a substance containing cocaine, a Schedule II controlled substance.

There are two relevant statutes on this subject: 21 U.S.C. § 841(a)(1), which criminalizes distribution and possession with intent to distribute a controlled substance, and 21 U.S.C. § 846, which criminalizes the attempt or conspiracy to commit such an offense. 21 U.S.C. § 841(a)(1) provides, in pertinent part, "it shall be unlawful for any person knowingly or intentionally...to...possess with intent to...distribute...a controlled substance."

To find the defendant guilty of Count Three, you must find beyond a reasonable doubt that the defendant conspired to possess with intent to distribute a controlled substance. You need not find that he knew or believed that it was cocaine, as long as the

53

government proves that he knew and intended that some controlled substance would be possessed and that he intended for it to be distributed.  I have already instructed you on the law of conspiracy, and you should follow those instructions here.  I remind you, however, that the government need not prove that the defendant actually committed the unlawful act charged as the object of the conspiracy.  Rather, what the government must prove is that the purpose of the conspiracy was to commit the unlawful act.

Elements of the Offense

The object of the conspiracy charged in Count Three was to possess with the intent to distribute cocaine.  I will now instruct you on the elements of that offense.

As I stated earlier, Title 21, United States Code, Section 841 makes it a federal crime for any unauthorized person  "to . . . possess with intent to distribute . . . a controlled substance."

The government must prove beyond a reasonable doubt:

First, that the defendant possessed the controlled substance.

Second, that the defendant knew that he possessed the controlled substance.

Third, that the defendant possessed the controlled substance with the intent to distribute the controlled substance.

I will now give you some more detailed instructions regarding these elements.

54

The first element the government must prove beyond a reasonable doubt is that the defendant possessed a controlled substance, namely cocaine. To "possess" simply means to have physical custody or control over the controlled substance. To establish this element, the government must prove that the material that the defendant is charged with possessing with the intent to distribute is, in fact, cocaine.

The second element the government must prove is that the defendant knew that he possessed the controlled substance.

The third element the government must prove beyond a reasonable doubt is that the defendant possessed the controlled substance with the intent to distribute the controlled substance. The word "distribute" means to deliver, and deliver has a simple meaning: it means to transfer from one person to another. It may, but need not be, in the context of a sale. Thus, in making your decision under this element as to whether the defendant possessed the controlled substance with the intent to distribute that controlled substance, you are considering whether the drugs were for personal use or for the purpose of transferring them to others, whether for money or not. The quantity of drugs may be relevant to this determination.

## COUNT FOUR: ATTEMPTED POSSESSION WITH INTENT TO DISTRIBUTE COCAINE

Count Four of the indictment charges the defendant with knowingly and intentionally attempting to possess cocaine with the intent to distribute it. Count Four of the indictment reads as follows:

> On or about December 4, 2009, within the Eastern District of New York, the defendant KWAME RICHARDSON did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, which offense involved 500 grams or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Section 841, which I previously read to you, also applies to this Count.

To prove that the defendant is guilty of Count Four, the government must prove the following elements beyond a reasonable doubt:

> First, that the defendant intended to commit the crime of possessing a controlled substance with the intent to distribute it; and
>
> Second, that the defendant willfully took some action that was a substantial step in an effort to bring about or accomplish the crime.

With respect to the first element, you may not find the defendant guilty of attempting to possess a controlled substance

56

with the intent to distribute it merely because he thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

I previously instructed you on the elements of the crime of possession of cocaine with the intent to distribute in connection with Count Three, and those elements and instructions apply equally here, although I will not repeat them for the sake of brevity.  In connection with those instructions for Count Three, I previously defined the terms "possess," "distribute" and "possess with the intent to distribute" for you.  You should apply those definitions here.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit possession of a controlled substance with intent to distribute it merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit possession with intent to distribute a controlled substance.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

The government need not prove that the defendant knew the specific type of controlled substance involved, so long as it

proves that the defendant knowingly and intentionally attempted to possess some controlled substance with intent to distribute it.

<u>Drug Type and Quantity</u>

If you determine that the defendant is guilty of the crime charged in any of the counts, you must next determine whether the government has established beyond a reasonable doubt that the offense or offenses involved both the type and quantity of drug charged in the indictment.  In this regard, you need not decide whether the defendant knew the type or quantity of drug alleged in the indictment.  Rather, you need only decide whether the offense or offenses for which you found the defendant guilty involved the type and quantity of the drug charged in the indictment.  In this case, the government has charged that the criminal activity alleged in each count of the indictment involved five hundred or more grams of a substance containing cocaine.  The burden is on the government to establish the type and amount of drugs beyond a reasonable doubt.

However, you may find the defendant guilty of the offense charged in any of these counts if the quantity of the controlled substance for which he should be held responsible is less than the amount or weight charged in the indictment.  Thus, the verdict form will require you, if you find the defendant guilty, to specify on your verdict your unanimous finding concerning the weight of the controlled substance attributable to the defendant.

## PART III: RULES REGARDING DELIBERATIONS

Finally, a few closing remarks.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case only from the evidence presented during the trial and to apply the law as I have given it to you to the facts as you find them from the evidence.

I instruct you that the decision you reach as to each element for each charge in the indictment must be unanimous; that is, all 12 of you must agree on every element in every count. I also instruct you to consider each count of the indictment in which the defendant is charged separately. For example, you may find him guilty of one count and not guilty of another, or you may find him guilty of all counts or not guilty of any. But again, the verdict on each element and each count must be unanimous.

When you retire, it is your duty to discuss the case for the purpose of reaching a verdict. Each of you must decide the case for yourself, but should only do so after considering all the evidence, listening to the views of your fellow jurors, and

60

discussing it fully.  It is important that you reach a verdict if you can do so conscientiously.  You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced that they are wrong.  However, do not surrender an honest conviction as to weight and effect of the evidence simply to arrive at a verdict.

Remember also that your verdict must be based solely on the evidence in the case and the law as the court has given it to you, not on anything else.  Opening statements, closing arguments, or other statements or arguments of counsel are not evidence.  If your recollection of the facts differs from the way counsel has stated the facts to be, then your recollection controls.

And, finally, bear in mind that the government has the burden of proof and that you must be convinced of the defendant's guilt beyond a reasonable doubt to return a guilty verdict.  If you find that this burden has not been met, you must return a verdict of not guilty.

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing a sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the

basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Under your oath as jurors you are not to be swayed by sympathy for one side or the other.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you.  It must be clear to you that once you let fear, prejudice, bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you must find a verdict of acquittal.  But on the other hand, if you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

When you get into the jury room, before you begin your deliberations, your first act will be to select one of you to be the foreperson.  The foreperson will be responsible for signing all communications to the court and for handing them to the court security officer during your deliberations, but of course his or her vote is entitled to no greater weight than any other juror.

During the trial, I permitted the taking of notes by those of you who wished to do so.  At that time I pointed out that while you could take notes, there is no need for your doing so, because the court reporter takes down everything that is said in the courtroom and during your deliberations the court reporter will read back to you any portion of the transcript you may ask for.

For those of you who did take notes during the trial, I point out to you and your fellow jurors that your notes are simply an aid to memory for the particular juror who takes the notes.  You are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in your deliberations.  Jurors who did not take notes should not be influenced by the fact that other jurors have taken notes.  Your notes are not evidence, may be inaccurate, and are by no means a complete recording of the trial testimony.  Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read

63

back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case.  There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you may send a note, through the court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court.  If you send any notes to the court, do not disclose anything about your deliberations.  Specifically, do not disclose to anyone - not even to me - how the jury stands, numerically or otherwise, on the question of the guilt or innocence of the defendant, until after you have reached a unanimous verdict or have been discharged.

If during your deliberations you want to see any of the exhibits, they will be sent to you in the jury room upon written request.  If you want any of the testimony read or the tapes to be played back, that can also be done.  But, please remember that it is not always easy to locate what you might want, so be as

64

specific as you possibly can in requesting exhibits or portions of testimony which you may want.  If you request a readback of testimony, please be patient, as it may take some time to locate and agree upon the specific testimony required.

I have prepared a verdict sheet, which will be given to you. The verdict sheet is given to you to record your verdict after you have reached a verdict as to all counts in the indictment.

When you have reached a decision, have the foreperson sign the verdict form and put the date on it - and notify the marshal by note that you have reached a verdict.

I reiterate that any verdict you reach must be unanimous.

Your oath sums up your duty - and that is - without fear or favor to any person, you will well and truly try the issues in this case according to the evidence given to you in court and the laws of the United States.

This concludes my instructions.  Thank you for your close and careful attention.  Members of the jury, you will now retire to deliberate after I swear in the Marshall.  I do ask that, as your first order of business, you elect a foreperson and send me a note, dated and timed, identifying that foreperson.