UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

N° 09-CR-874 (JFB)

UNITED STATES OF AMERICA,

versus

KWAME RICHARDSON

Defendant.

**MEMORANDUM AND ORDER**
July 13, 2012

JOSEPH F. BIANCO, District Judge:

On November 1, 2011, defendant Kwame Richardson ("Richardson" or "defendant") was convicted, after a jury trial, of one count of importation of cocaine in violation of 21 U.S.C. §§ 952(a), 960, one count of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846, and one count of attempted possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841. Defendant was acquitted of one count of conspiracy to import cocaine in violation of 21 U.S.C. §§ 952(a), 960, 963.

On March 28, 2011, defendant renewed his motion for a judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29, that was previously made at trial, and denied by the Court.[1] (T. 765.) In the alternative, defendant moved for a new trial pursuant to Federal Rule of Criminal Procedure 33(a). (Letter Motion at 4, Mar. 30, 2012, ECF No. 123.) In defendant's motion for a judgment of acquittal, defendant argues the following: (1) that the government failed to prove defendant's guilt beyond a reasonable doubt with respect to

---

[1] Defendant's counsel made a motion pursuant to Rule 29 on Wednesday, October 26, 2011, at the close of the government's evidence. (Trial Transcript ("T.") 364-65.) The Court reserved decision on the motion. (*Id.* 365.) After the jury was discharged, defendant's counsel renewed the motion, which the Court denied. (T. 765-66.) On January 4, 2012, defendant, acting *pro se*, filed a motion seeking: (1) to have his counsel removed for failing to make a Rule 29 motion; (2) appointment of new counsel; and (3) an extension of time to file a Rule 29 motion. (Def.'s *Pro Se* Motion, Jan. 4, 2012, ECF No. 109.) Defendant's counsel responded to defendant's motion on January 24, 2012. (Letter, Jan. 24, 2012, ECF No. 111.) At a status conference on March 6, 2012, defendant and his counsel indicated that defendant wished to continue counsel's representation, and that defendant would submit a *pro se* Rule 29 motion, with defendant's counsel supplementing his arguments. The Court has considered all of the submissions and arguments, reviewed the issues *de novo*, and again denies the motion for the reasons stated on the record on November 1, 2011 and in this Memorandum and Order.

the second count of the indictment, the importation of cocaine count ("Count Two"); (2) that the government failed to prove defendant's guilt beyond a reasonable doubt with respect to the third count of the indictment, the conspiracy to possess cocaine with intent to distribute count ("Count Three"); and (3) the jury's verdict with respect to Counts Two and Three is inconsistent with its acquittal on count one, conspiracy to import cocaine ("Count One"). Defendant also argues that these alleged errors warrant a new trial. Because defendant's counsel's original motion challenged the sufficiency of the evidence on all counts, the Court will also consider whether there was sufficient evidence of guilt beyond a reasonable doubt with respect to the attempted possession of cocaine with intent to distribute ("Count Four").[2]

For the reasons set forth below, and on the record on November 1, 2011, the Court denies defendant's motion for judgment of acquittal and defendant's motion for a new trial in their entirety.

I. STANDARD OF REVIEW

A. Motion for Judgment of Acquittal

Motions under Rule 29(c) are governed by the same standard as motions under Rule 29(a). Pursuant to Rule 29(a), a district court shall enter a judgment of acquittal as to "any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Rule 29(c) permits a defendant to "move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). However, as set forth below, "'[a] defendant bears a heavy burden in seeking to overturn a conviction on grounds that the evidence was insufficient.'" *United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008) (quoting *United States v. Cruz*, 363 F.3d 187, 197 (2d Cir. 2004)); *accord United States v. Pipola*, 83 F.3d 556, 564 (2d Cir. 1996) (citing *Glasser v. United States*, 315 U.S. 60, 80 (1942)); *see also United States v. Tillem*, 906 F.2d 814, 821 (2d Cir. 1990) (stating that motions to challenge sufficiency of evidence "rarely carry the day").

The standard under Rule 29, as articulated by the United States Supreme Court, is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord United States v. Finnerty*, 533 F.3d 143, 148 (2d Cir. 2008); *Lorenzo*, 534 F.3d at 159; *United States v. Irving*, 452 F.3d 110, 117 (2d Cir. 2006); *United States v. Temple*, 447 F.3d 130, 136 (2d Cir. 2006). In other words, "'[a] court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt.'" *Temple*, 447 F.3d at 136 (quoting *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999) (internal quotation marks omitted)).

It is important to emphasize that, in evaluating the evidence under this standard, "courts must be careful to avoid usurping the role of the jury when confronted with a motion for acquittal." *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003); *see also United States v. Florez*, 447 F.3d

---

[2] The attempted possession of cocaine with intent to distribute was the fifth count of the indictment. As the fourth count applied only to a separate defendant, the fifth count was renumbered as "count four" for purposes of instructing the jury. The Court will refer to the attempted possession of cocaine with intent to distribute count as "Count Four."

2

145, 154-55 (2d Cir. 2006) ("In assessing sufficiency, we are obliged to view the evidence in its totality and in the light most favorable to the prosecution, mindful that the task of choosing among permissible competing inferences is for the jury, not a reviewing court."); *Guadagna*, 183 F.3d at 130 (holding that a court must bear in mind that Rule 29 "does not provide [it] with an opportunity to substitute its own determination of . . . the weight of the evidence and the reasonable inferences to be drawn for that of the jury" (citations and internal quotation marks omitted)).

Therefore, viewing the evidence in the light most favorable to the government means "drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *United States v. Arena*, 180 F.3d 380, 391 (2d Cir. 1999) (citation and internal quotation marks omitted); *accord United States v. James*, 239 F.3d 120, 124 (2d Cir. 2000) ("[T]he credibility of witnesses is the province of the jury, and [a court] simply cannot replace the jury's credibility determinations with [its] own." (citation and internal quotation marks omitted)). In examining the sufficiency of the evidence, the Court also should not analyze pieces of evidence in isolation, but rather must consider the evidence in its totality. *See United States v. Rosenthal*, 9 F.3d 1016, 1024 (2d Cir. 1993); *see also Guadagna*, 183 F.3d at 130 (holding that sufficiency test must be applied "to the totality of the government's case and not to each element, as each fact may gain color from others"). Finally, "[d]irect evidence is not required; '[i]n fact, the government is entitled to prove its case solely through circumstantial evidence, provided, of course, that the government still demonstrates each element of the charged offense beyond a reasonable doubt.'" *Lorenzo*, 534 F.3d at 159 (quoting *United States v. Rodriguez*, 392 F.3d 539, 544 (2d Cir. 2004)); *see also Irving*, 452 F.3d at 117 ("A jury may convict on circumstantial evidence alone."); *accord Jackson*, 335 F.3d at 180; *United States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir. 1995). However, "if the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt." *United States v. Glenn*, 312 F.3d 58, 70 (2d Cir. 2002) (citation and internal quotation marks omitted); *accord United States v. Cassese*, 428 F.3d 92, 99 (2d Cir. 2005).

In short, "'[w]here a court concludes after a full analysis of the evidence in connection with a Rule 29 motion that 'either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter.'" *Temple*, 447 F.3d at 137 (quoting *United States v. Autuori,* 212 F.3d 105, 114 (2d Cir. 2000) (internal quotation marks omitted; alteration in original)). On the other hand, "'in passing upon a motion for directed verdict of acquittal, . . . if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt, the motion must be granted.'" *Temple*, 447 F.3d at 137 (quoting *United States v. Taylor*, 464 F.2d 240, 243 (2d Cir. 1972)).

B.  Motion for a New Trial

Rule 33 states, in relevant part, that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court may grant a Rule 33 motion only in "extraordinary circumstances," *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009) (citation and internal quotation marks omitted), and only if there exists "'a

real concern that an innocent person may have been convicted.'" *United States v. Parkes*, 497 F.3d 220, 232 (2d Cir. 2007) (quoting *United States v. Ferguson*, 246 F.3d 129, 134 (2d. Cir. 2001)); *accord United States v. Bell*, 584 F.3d 478, 483 (2d Cir. 2009); *see also United States v. Middlemiss*, 217 F.3d 112, 122 (2d Cir. 2000) ("Granting Rule 33 motions is not favored and is done with great caution."). "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice." *Ferguson*, 246 F.3d at 134.

## II. DISCUSSION

Defendant challenges his conviction on the grounds that the jury's finding of guilt with respect to Counts Two and Three is inconsistent with the jury's acquittal on Count One. Defendant also argues that the evidence was insufficient to support a finding of guilt with respect to Counts Two though Four. For the reasons set forth below, these arguments have no merit.

### A. Inconsistent Verdict

It is well established that a criminal defendant may not seek review of inconsistent verdicts. In *United States v. Powell*, the Supreme Court explained, "where truly inconsistent verdicts have been reached, '[t]he most that can be said . . . is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt.'" 469 U.S. 57, 64-65 (1984) (quoting *Dunne v. United States*, 284 U.S. 390, 393 (1932)). The Court noted, "[t]he fact that the inconsistency may be the result of lenity, coupled with the Government's inability to invoke review, suggests that the inconsistent verdicts should not be reviewable." *Id.* at 66. The Court also rejected "a rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them." *Id.* The Second Circuit has routinely denied relief based on a claim of inconsistent verdicts. *See United States v. Gray*, 421 F. App'x 11, 14 (2d Cir. 2011) ("The Supreme Court has held that inconsistency among verdicts is not a basis for setting aside a conviction."); *United States v. Velasquez*, 173 F.3d 847, 847 (2d Cir. 1999) ("We have reviewed [defendant's] challenge to the jury's verdict, and to the extent that the verdict can be read as inconsistent, it is not amenable to challenge under [*Dunn* and *Powell*]."); *United States v. Acosta*, 17 F.3d 538, 544-45 (2d Cir. 1994) ("Even assuming that the verdict against [defendant] was inconsistent with the verdicts as to his codefendants, we find no basis for relief, for it has been long established that inconsistency in jury verdicts of guilty on some counts and not guilty on others is not a ground for reversal of the verdicts of guilty.").

Given this long established rule, the Court declines to grant defendant relief with respect to Counts Two and Three based on alleged inconsistent verdicts. As the Supreme Court noted in *Powell*, however, the defendant "is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence" which the Court undertakes *infra*. 469 U.S. at 478.

### B. Sufficiency of Evidence

A defendant challenging a conviction on the basis of insufficient evidence bears a heavy burden. *United States v. Thomas*, 377 F.3d 232, 237 (2d Cir. 2004) (citation omitted). The court must view the evidence in the light most favorable to the government and draw all permissible

inferences in the government's favor. *See United States v. Irving*, 452 F.3d 110, 117 (2d Cir. 2006).

1. Count Two: Importation of Cocaine

21 U.S.C. § 952(a) provides that "[i]t shall be unlawful to import into . . . the United States from any place outside thereof . . . any controlled substance in schedule I or II of subchapter I of this chapter." 21 U.S.C. § 960 provides, in pertinent part, "[a]ny person who . . . contrary to section 952 . . . of this title, knowingly or intentionally imports . . . a controlled substance [commits a crime]." 21 U.S.C. § 960(a)(1). The government must have proven that the defendant intentionally imported a controlled substance into the United States from some place outside the United States, that the defendant knew that the substance being imported was a controlled substance, and that the defendant knew he was importing the controlled substance into the United States.[3] Pursuant to 18 U.S.C. § 2(a), "whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal."

In this case, the evidence clearly satisfied the elements of importation of cocaine. First, the trial testimony of Agent John Lee demonstrated that defendant provided a confession establishing that (1) defendant was aware that Amy Leitch's ("Leitch") suitcases contained cocaine (T. 242-43, 244); (2) defendant was sent by a man named "Bonnie" to pick up the drugs from Leitch (T. 243); (3) Bonnie was going to pay defendant approximately $2500 to pick up the drugs, plus additional money once defendant delivered the drugs to Bonnie and Bonnie weighed the drugs (T. 243); (4) Bonnie provided defendant with $5,700 during the morning of his arrest, and that $4,000 of this amount was for Leitch (T. 244); (5) Bonnie provided defendant with a cellular phone a week earlier and defendant called Leitch from the cellular phone and a payphone (T. 251); (6) defendant had met with Bonnie on the day of his arrest (T. 252); (7) a man named "Tony" instructed Bonnie to pick up the drugs from Leitch (T. 254-55); and (8) defendant met a police lieutenant in Guyana through Bonnie several years earlier, and the police lieutenant was the leader of the narcotic smuggling organization in Guyana. (T. 255.)

Government's exhibit 20, the defendant's cellular phone records, demonstrated that there were several phone calls between defendant's cellular phone and a Guyanese phone number on December 3, 2009, the evening before his arrest in Leitch's hotel room. (Gvt. Ex. 20.) On the day of defendant's arrest, there were over twenty-five calls between defendant's cellular phone and a Guyanese phone number. (*Id.*) After one call between defendant's cell phone and a Guyanese phone number, "Roger," Leitch's family member in Guyana who had given her the drugs to take to the United States, told Leitch that he had "just talked to the guy" who was to pick up the drugs from Leitch. (Gvt. Ex. 17-S.)

The government introduced taped phone calls between Leitch and defendant, and in those calls, Leitch informed defendant that she did not "want to stay here long with this stuff here." (Gvt. Ex. 17-N.) The testimony of Agent Wong demonstrated that defendant arrived at Leitch's hotel room, counted out money, and reached for Leitch's suitcases. (T. 60.)

---

[3] As the Second Circuit has made clear, knowledge may be established through a conscious avoidance theory. *See, e.g.*, *United States v. Aina-Marshall*, 336 F.3d 167, 170-71 (2d Cir. 2003); *United States v. Ferrarini*, 219 F.3d 145, 154 (2d Cir. 2000).

5

In this case, the evidence clearly satisfied the elements of importation of cocaine on an aiding and abetting theory – namely there was extremely strong evidence, through defendant's own statements, telephone records, and actions at the hotel, to establish that defendant aided and abetted the importation of cocaine.[4]

2. Count Three: Conspiracy to Possess Cocaine with Intent to Distribute

21 U.S.C. § 841(a)(1) provides, in pertinent part, "it shall be unlawful for any person knowingly or intentionally . . . to . . . possess with intent to . . . distribute . . . a controlled substance." Pursuant to 21 U.S.C. § 846, "[a]ny person who . . . conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy." With respect to the conspiracy, the government must have proven that two or more persons entered into an agreement to possess cocaine with intent to distribute, and that the defendant knowingly and intentionally became a member of the conspiracy.

In this case, the evidence clearly satisfied the elements of conspiracy to possess cocaine with intent to distribute. As discussed *supra*, the defendant's statements, phone records, and actions at the hotel establish that defendant participated in a conspiracy to possess cocaine with intent to distribute.

3. Count Four: Attempted Possession of Cocaine with Intent to Distribute

As stated *supra*, it is a crime to possess with intent to distribute cocaine. 21 U.S.C. § 846 provides that "any person who attempts . . . to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt . . . ." Essentially the government must have proven that the defendant intended to commit the crime of possessing cocaine with the intent to distribute it, and that the defendant willfully took some action that was a substantial step in an effort to bring about or accomplish the crime.

In this case, the evidence clearly satisfied the elements of attempted possession of cocaine with intent to distribute. As discussed *supra*, the defendant's statements, phone records, and actions at the hotel, including paying Leitch for the drugs and reaching for the suitcases containing cocaine, establish that defendant attempted to possess cocaine with intent to distribute.

\* \* \*

In sum, defendant has failed to present any grounds for a judgment of acquittal under Rule 29, or a new trial under Rule 33. Accordingly, the motions are denied in their entirety.

---

[4] In the *pro se* memorandum, defendant focuses on a purported lack of proof with respect to knowingly aiding and abetting the importation of cocaine. As noted above, there was overwhelming evidence of defendant's aiding and abetting the importation of cocaine, including extremely strong circumstantial evidence of defendant's knowledge of the importation of cocaine.

### III. CONCLUSION

For the reasons set forth above, and on the record on November 1, 2011, the defendant's motion for a judgment of acquittal and motion for a new trial are denied in their entirety.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: July 13, 2012
      Central Islip, NY

\* \* \*

The attorney for the government is Loretta E. Lynch, United States Attorney, by Allon Lifshitz, Kathleen Anne Nandan, and William David Sarrat, Assistant United States Attorneys, 271 Cadman Plaza East, Brooklyn, NY 11201. Defendant is represented by Marion Seltzer, 1725 York Avenue, Suite 16B, New York, NY 10128.